IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICKEY TRENT REED | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv44 |
| WARDEN, USP BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Mickey Trent Reed, an inmate confined in the Federal Correctional Complex in Beaumont, Texas, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner brings this petition challenging the execution of his sentence. Petitioner claims he has not been awarded the proper amount of time credits toward the completion of his sentence.

Analysis

The district court has authority to grant a writ of habeas corpus if the prisoner is in custody under the authority of the United States or if he is in custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241(c)(1),(3). However, a federal prisoner must exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *See United States v. Setser*, 607 F.3d 128, 132-33 (5th Cir. 2010); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993).

The Federal Bureau of Prisons (BOP), which administers the prison in which plaintiff is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. *See* 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. *See* 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may

appeal to the Regional Director. *See* 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id.*

Petitioner has neither alleged nor demonstrated he has exhausted the available BOP administrative remedy. If the BOP has failed to properly calculate petitioner's time credits, it has the authority to correct that error and should be permitted to do so. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks relief in federal court). As petitioner has not allowed prison officials an opportunity to review the calculation of his sentence prior to filing this action the petition should be dismissed without prejudice for failing to exhaust administrative remedies.

## Recommendation

The above-styled petition for writ of habeas corpus should be dismissed without prejudice.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 18th day of October, 2022.

_____
Zack Hawthorn
United States Magistrate Judge